James J. THEISEN, Plaintiff,

v.

E. Elaine MILLER, Defendant.

E. Elaine MILLER, Third–Party
Plaintiff-Appellant,

v.

Mike CHRISTENSEN, Third–Party
Defendant–Appellee.

No. 87–649.

Court of Appeals of Iowa.

June 29, 1988.

Robert H. Laden and Ted Breckenfelder of Hyland, Laden & Pearson, Des Moines, for plaintiff-appellant.

Michael P. Holzworth, Des Moines, for defendant-appellee.

Heard by HAYDEN, P.J., and SACKETT, and HABHAB, JJ.

HAYDEN, Presiding Judge.

Defendant and third-party plaintiff, E. Elaine Miller, appeals the judgment rendered against her on her indemnity claim against third-party defendant, Mike Christensen. She asserts the trial court erred by finding she failed to establish by a preponderance of the evidence Christensen owed her any duty which he allegedly breached by negligently preparing an abstract of title for property she later conveyed by warranty deed. We affirm.

■ This case was tried to the trial judge. Our scope of review is for the correction of errors at law and the court's findings of fact have the effect of a special verdict. Iowa R.App. P. 4. The findings of fact are binding upon us if supported by substantial evidence. Iowa R.App. P. 14(f)(1).

Miller is the former owner of real estate upon which Northland Mortgage Company held a mortgage. In 1984 Northland, represented by Christensen, initiated foreclosure proceedings against Miller. In order to avoid foreclosure, Miller transferred the property to Northland by a warranty deed Christensen prepared after updating the abstract of title. Christensen's continuation of the abstract of title did not, however, contain searches pertaining to Miller, who did not then appear in the record of title. It was later discovered there were encumbrances on the property in the form of tax liens and judgments against Miller. Thereafter Northland conveyed the property by warranty deed to the Secretary of Housing and Urban Development, who then similarly conveyed the property to plaintiff, James Theisen.

Theisen paid off the liens and then sued Miller, alleging she had breached her warranty. Miller thereupon filed a third-party claim for indemnification or contribution against Christensen. She alleged he was negligent in failing to discover the liens and she had relied on his update of the abstract of title when she signed the warranty deed. Trial court found against Miller on Theisen's claim against her and on her claim against Christensen. This appeal relating only to her claim against Christensen followed.

■ We must determine whether the trial court erred by finding Miller failed to demonstrate Christensen owed her any duty. We find the following instructive:

Generally, absent special circumstances such as fraud or collusion, an attorney is liable for professional malpractice only to a client. This privity requirement ... is premised upon two basic concerns. First, absent a requirement of privity, parties to a contract for legal services

could easily lose control over their agreement. Second, imposing a duty to the general public upon lawyers would expose lawyers to a virtually unlimited potential for liability.

Recently several states have reaffirmed their approval of the privity requirement. The trend in recent years, however, has been to allow some relaxation of the privity standard in severely limited situations.

*Schreiner v. Scoville*, 410 N.W.2d 679, 681 (Iowa 1987) (citations omitted). In these limited situations the third party, in order to proceed successfully in a legal malpractice action, must be a direct and intended beneficiary of the lawyer's services. *Brody v. Ruby*, 267 N.W.2d 902, 906 (Iowa 1978). Where this special relationship between the lawyer and the third-party is lacking, courts refuse to impose liability based on legal malpractice. *Id.* Whether this special relationship exists, i.e., in this case whether Christensen knew or should have foreseen Miller would rely on his continuation of the abstract, is generally a question of fact. *Cf. Larsen v. United Fed.Sav. & Loan Ass'n.*, 300 N.W.2d 281, 286 (Iowa 1981) (jury question generated regarding whether "client" of appraiser was his employer, defendant bank, or buyers of the property appraised).

The trial court found Miller "failed to establish by a preponderance of the evidence that the cross-defendant, Christensen, owed her any duty which he was negligent in not fulfilling that caused her to be liable for the sums which she is now obligated to pay" Theisen. We find substantial evidence to support this finding. At all times pertinent to this proceeding, Miller was represented by counsel. Moreover, Miller knew she had the tax liens and judgments against her. We also find it significant Miller was a licensed real estate agent and had been for thirteen years. We concur with the trial court's assessment Miller knew or should have known the tax liens and judgments against her were encumbrances on any real estate she owned. Under these circumstances, there is ample evidence supporting the trial court's determination Miller failed to sustain her burden of proof.

AFFIRMED.